UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EILEEN GOLDSTEIN,

                              Plaintiff,

                                                                **ORDER**

                -against-                                    22-CV-0434 (JMW)


CVS ALBANY L.L.C. *et. al.,*

                              Defendants.
------------------------------------------------------------X

**A P P E A R A N C E S:**

Clifford Douglas Gabel, Esq.
**Bergman Bergman Fields & Lamonsoff, LLP**
801 S. Broadway
Hicksville, NY 11801
*Attorney for Plaintiff*

Gary P. Muhlstockm Esq.
**Cullen and Dykman LLP**
The Omni Building
333 Earle Ovington Blvd, 2nd Floor
Uniondale, NY 11553
*Attorney for Defendants CVS Albany, L.L.C. and CVS Pharmacy, Inc.*


**WICKS,** Magistrate Judge:

     Before the Court is Plaintiff Eileen Goldstein's motion to compel the deposition of

Defendants CVS Albany, L.L.C.'s and CVS Pharmacy, Inc.'s ("Defendants") oral and

maxillofacial surgery expert, Dr. Kenneth A. Paticoff to appear for a deposition and set a

reasonable compensation rate (ECF No. 26).  Defendants oppose that portion of the application

as to the amount of the fee Plaintiff seeks to set (ECF No. 27).  Defendants do not oppose an

Order directing Dr. Paticoff to appear for his deposition. (*Id.*); *see also* Fed. R. Civ. P. 26(b)(4).

1

(providing that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial"). And, Dr. Paticoff has indeed already been identified as an expert. (ECF No. 26 at 1.)

As to the expert fees, the burden of demonstrating that the fee sought is reasonable rests squarely with the party seeking to be reimbursed – here, Defendants. *See New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 468 (W.D.N.Y. 2002); *see also Marin v. United States*, No. 06-cv-552 (SHS), 2008 WL 5351935, at *1 (S.D.N.Y. Dec. 22, 2008) (collecting cases). If Defendants in this case fail to meet their burden of demonstrating reasonableness of the fee, then "the court may use its discretion to determine a reasonable fee." *New York v. Solvent Chem. Co.*, 210 F.R.D. at 468. Simply because a party has chosen an expert of its choice bearing a high price tag, that does not necessarily follow that the chosen expert's self-described fee is reasonable. *See Reit v. Post Props., Inc.*, No. 09-cv-5455 (RMB) (KNF), 2010 WL 4537044, at *2 (S.D.N.Y. Nov. 4, 2010) ("While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert.").

In addition, generally "hours that an expert spends on preparation and travel in connection with the expert's deposition are compensable under Rule 26(b)(4)(E)." *Nnodimele v. City of New York*, No. 13-CV-3461 (ARR), 2015 U.S. Dist. LEXIS 94889, at *4 (E.D.N.Y. July 21, 2015); *see also* Fed. R. Civ. P. 26(b)(4)(E) (requiring the party seeking discovery to pay the expert a reasonable fee for time spent responding to discovery and pay the other party a fair portion for fees and expenses reasonably incurred in obtaining the expert's facts and opinions). However, fees with regard to preparation time should be applied with caution since that time may include general trial preparation work. *Nnodimele*, 2015 U.S. Dist. LEXIS 94889 at *4 (collecting cases which reduced compensation for hours of preparation to account for deposition

preparation only).  Courts have allowed the same rate to be charged for preparation and deposition time if the expert charges the same rate for those activities.  *Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 43 (D. Conn. 2007).  However, preparation time can be compensated at a lower rate than the time actually spent at the deposition.  *See* 6 James Wm. Moore, et al., Moore's Federal Practice § 26.80[3] (2023) (collecting cases).

Dr. Paticoff originally requested $4,000 for the deposition for a minimum of two hours plus a $750 hourly rate for preparation time.  (ECF No. 26 at 1.)  After Plaintiff stated that these fees were excessive, Dr. Paticoff reduced the fee from $4,000 to $2,500 for up to two hours and a $750 hourly preparation fee.  (*Id*.)  Plaintiff offered to pay $500 per hour—the same rate charged by her own medical expert, whose deposition lasted less than two hours—however Dr. Paticoff would not reduce his fee any further.  (*Id*.)

Defendants offer little in the way of guidance or support as to the reasonableness of the $2,500 rate for up to two hours and a $750 hourly fee for preparation time (ECF No. 27 at 1). Instead, Defendants attempt to justify this rate by stating that Dr. Paticoff is charging his own client $8,000 for trial testimony so the requested fee of $2,500 should be considered "fair and reasonable." (*Id*.)  In addition, they cite to three other dentists in the field who charge anywhere from $3,000 to $6,500 for deposition or trial testimony.  (*Id*.)  Defendants also defend Dr. Paticoff's exorbitant preparation rate stating that a great deal of preparation is required for a deposition. [1]  (*Id*.)

When a Court is presented with an application to determine the reasonableness of the proposed fee, guidance is sought from the following factors:

---

[1] Defendants argue that a preparation fee should be higher than the cost of a medical consultation.  (ECF No. 27 at 1.)  However, Plaintiff did not argue this in her motion—rather Plaintiff believes that the hourly rates for Dr. Paticoff's deposition and the preparation rate is excessive.  (*See* ECF No. 26).

"(1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographical area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters". *Korabik v. Arcelormittal Plate LLC*, 310 F.R.D. 205, 206 (E.D.N.Y. 2015) (citation omitted). "None of the foregoing factors have talismanic qualities. Instead, they provide a guide for the Court to utilize." *Magee v. The Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 645 (E.D.N.Y.1997).

*Heiser v. Collorafi,* No. 14-CV-464, 2016 WL 1559592 (N.D.N.Y. Apr. 18, 2016).

Reviewing what other courts within this Circuit have held provides some guidance. Because there is very scant information as to what other oral and maxillofacial surgeons charge for appearing at and preparing for a deposition, the undersigned looks to the rates of other surgeons and doctors.  Relevant authority appears to conclude that a rate of between $400 and $500 per hour is reasonable for a doctor or surgeon testifying at a deposition.  *See Avila v. Target Corp.,* No. 21-cv-907, 2022 U.S. Dist. LEXIS 215966, at *4 (E.D.N.Y. Nov. 30, 2022) (holding that a reasonable hourly fee for a deposition of an orthopedic surgeon is $500 an hour); *Souvenir v. Jordan*, No. 20-CV-9335 (CS), 2022 WL 12399329 (S.D.N.Y. Oct. 21, 2022) ($450 per hour reasonable for board-certified orthopedic surgeon retained by plaintiff as expert); *Korabik v. Arcelormittal Plate LLC*, 310 F.R.D.205, 208 (E.D.N.Y, 2015) (seven years ago, "[i]n this district, 'expert orthopedic surgeons consistently have been awarded $400 per hour,'" but court awarded $475 per hour); *Reit v. Post Props.*, No. 09-cv-5455, 2010 U.S. Dist. LEXIS 119693, at *28-29 (S.D.N.Y. Nov. 4, 2010) (finding $400 an hour to be a reasonable fee per hour for a neurologist's deposition and preparation); *Muoio v. Zubowski*, No. 1-cv-9556, 2003 U.S. Dist. LEXIS 6246, at *1 (S.D.N.Y. Apr. 15, 2003) (holding an expert plastic surgeon was entitled to a $400 per hour fee).

Here, Defendants' expert offers a rate per hour that is twice the rate acceptable in this District.  The preparation rate per hour also exceeds the deposition hourly rate typically awarded in this District.  *See Sterisil, Inc. v. ProEdge Dental Prods.*, No. 13-cv-01210 (REB), 2019 U.S. Dist. LEXIS 54240, at *7-9 (D. Colo. Mar. 29, 2019) (reducing preparation hours awarded and the hourly rate for the deposition since plaintiff had not shown that additional hours or a higher hourly fee was reasonable).  Defendants have not stated how long the preparation will take; however, courts typically award experts fees for preparation consistent with the deposition itself—therefore, if the deposition ran for two hours, then the preparation fees awarded will be for two hours.

Even if the above comparable rates should not be considered for an oral and maxillofacial expert, there is more than enough support to reduce Dr. Paticoff's rate.  Indeed, the testimony is not complex and would appear to cover the same or similar ground that Plaintiff's expert has covered—to which Defendants do not dispute.  (*See* ECF No. 27.)  Further, Plaintiff's expert who charged $500 per hour has almost equal qualifications as Dr. Paticoff and should therefore be subject to the same rate.  (*See* ECF Nos. 26-1 and 26-2.)

Accordingly, considering the record presented here, the Court in its discretion sets a reasonable fee.[2]  The rate for Dr. Paticoff's deposition shall be reduced to $500 per hour.  As for

---

[2] The undersigned is aware of other courts in this District state that parties should seek fees for an expert deposition "retrospectively."  However, in those cases, the courts were faced with the dilemma of having little to no information to assess the reasonableness of the requested fee under the relevant factors.  *See Hobson v. Kemper Indep. Ins. Co.*, No. 20-CV-00812 (JCH), 2021 U.S. Dist. LEXIS 99489, at *9 (D. Conn. May 26, 2021) (noting that defendant's response is "completely devoid of either factual information or case law"…to "enable the Court to assess the reasonableness" of the deponent's requested fee); *Conte v. Newsday, Inc.*, No. 06-CV-4859 (JFB) (ETB), 2011 U.S. Dist. LEXIS 88546, at *7-8 (E.D.N.Y. Aug. 10, 2011) (stating that parties made "no attempt…to justify the experts' apparent hourly rate of $350.00").  In contrast, here, Plaintiff—not Defendants—have provided Dr. Paticoff's credentials in comparison to their own expert's, Dr. Proothi so the Court is able to assess the rationale behind the proposed fee.  (*See* ECF No. 26-1 and 26-2.)

the preparation time fee, the Court adopts the method used in *Packer* and awards preparation fees which are not to exceed the duration of the deposition itself and cuts the preparation hourly rate. *See Packer*, 243 F.R.D. at 43; *see also Nnodimele v. City of New York*, 2015 U.S. Dist. LEXIS at *14-15 (limiting awarded preparation time hours from fourteen hours to ten hours because they were excessive given the expert's experience, his prior experience testifying, and the case's lack of complexity); *Handi-Craft Co. v. Action Trading, S.A.*, No. 02-CV-1731 (LMB), 2003 U.S. Dist. LEXIS 28263, at *50-51 (E.D. Mo. Nov. 25, 2003) (recognizing the complexity of the case yet still lowering preparation time fees to two days because three days was "excessive").  The Court reduces the hourly rate by approximately 1.5 times of the adopted deposition rate of $500, reducing the preparation hourly rate from $750 an hour to $350 an hour.[3]

## **CONCLUSION**

Based upon the foregoing, Plaintiff's motion to direct Dr. Paticoff to appear for his deposition is granted, and the fee for the deposition is set at $500 per hour and the preparation fee is set at $350 per hour, not to exceed the hours of the deposition itself.

Dated:  Central Islip, New York
        October 25, 2023

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

---

[3] The Court makes such a reduction as this is an approximate multiplier that Dr. Paticoff used with regard to his own hourly deposition rate and hourly preparation rate.